FILED
11/13/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 4, 2019 Session

**STATE OF TENNESSEE v. SHELBY ISAAC**

**Appeal from the Criminal Court for Shelby County**
**No. 16-01734        James M. Lammey, Judge**

_____

**No. W2018-00871-CCA-R3-CD**
_____

THOMAS T. WOODALL, J., concurring.

I concur with the majority opinion, but am writing separately in order to explain my analysis of why the evidence is sufficient beyond a reasonable doubt to sustain Defendant's conviction for criminally negligent homicide of the unborn child of Ms. Thomas. I must admit that initially I was skeptical that the evidence was sufficient to support the conviction in light of the specific facts of this case as they applied to the statutory definition of "criminal negligence" set forth in T.C.A. § 39-11-106(a)(5) (Supp. 2019).

The evidence in this case conclusively shows that Defendant had no actual knowledge that Ms. Thomas was pregnant prior to Defendant's shooting of Ms. Thomas at close range. To me, this case is not analogous to the criminally negligent conduct of a person who shoots into a house or even into a car without knowing whether or not a person or persons are inside the home or car. *See State v. Wilson*, 924 S.W.2d 648, 652 (Tenn. 1996) (The defendant who fired shots into a residence, when there were no facts indicating the house was occupied, acted criminally and recklessly.); "When the law provides that criminal negligence suffices to establish an element of an offense, that element is also established if a person acts intentionally, knowingly or recklessly." T.C.A. § 39-11-301(a)(2). It is obvious to me that a person ought to be aware that any vehicle which can be observed in public, and any residence, may have a person or persons inside which cannot be seen. T.C.A. § 39-11-106(a)(5) (Supp. 2019) states in part that,

> "Criminal negligence" refers to a person who acts with criminal negligence *with respect to* the circumstances surrounding that person's conduct or *the result of that conduct* when the person ought to be aware

of *a substantial and unjustifiable risk that* the circumstances exist or *the result will occur.* (emphasis added).

Criminally negligent homicide occurs when a person's criminally negligent conduct results in another person's death. T.C.A. § 39-13-212(a). Accordingly, the result of a defendant's conduct is the sole conduct element of criminally negligent homicide. The circumstances which surround the defendant's conduct are immaterial. Therefore, criminally negligent homicide is a result-of-conduct offense. *See State v. Page*, 81 S.W.3d 781, 788 (Tenn. Crim. App. 2002).

The actus reus of the crime was clearly shown in this case. The shots fired by Defendant which caused Ms. Thomas's death caused the death of her unborn child. The pathologist specifically testified that the cause of the fetus's death was secondary to the gunshot wounds to Ms. Thomas.

However, the State was also required to prove beyond a reasonable doubt Defendant's applicable mens rea as to the death of Ms. Thomas's unborn child at the time Defendant shot Ms. Thomas. The pathologist testified that the fetus was six to seven weeks old. There was no testimony as to the length of the fetus, but a photograph of the uterus, which included the fetus within it, appeared to show the uterus was approximately five inches long based upon a ruler included in the photograph. The fetus took up very little space in the photograph. The website of the Mayo Clinic indicates that seven weeks after conception, the fetus is only about three-fourths of an inch long, or approximately the diameter of a penny. *Fetal Development: The 1st Trimester*, The Mayo Clinic (Oct. 23, 2019, 9:30 a.m. CT), http://www.mayoclinic.org/healthy-lifestyle/pregnancy-week-by-week/in-depth/prenatal-care/art-20045302.

At the time of her death, Ms. Thomas was thirty-three years old. A photograph of Ms. Thomas admitted into evidence is consistent in its appearance with her age at the time of death. She clearly was of normal child-bearing age.

In addition to the above-quoted portion of T.C.A. § 39-11-106(a)(5) (Supp. 2019), the second sentence of this subsection, quoted in part below, caused me to initially conclude that a person could not be criminally negligent, as that term has been defined by the Tennessee General Assembly, as to the death of a seven-week-old fetus under the specific circumstances of this case. In order for criminal conduct to be criminally negligent, the risk which a defendant "ought to be aware of," *id*., must be both a substantial and an unjustifiable risk, and it "must be of such a nature and degree *that the failure to perceive it* constitutes a gross deviation from the standard of care that *an ordinary person* would exercise under all the circumstances as viewed *from the accused person's standpoint*." *Id*. (emphasis added).

- 2 -

The proof showed that Defendant approached a vehicle which, to an "ordinary person" from Defendant's standpoint, contained a male and a female of an age in her thirties. Defendant shot both Mr. Tate and Ms. Thomas. The unborn child was the size of a small coin. No ordinary person could perceive that Ms. Thomas was pregnant with an unborn child six to seven weeks old.

I am unable to extend by judicial decision alone that based upon the specific facts of this case that criminal negligence, as strictly defined in T.C.A. § 39-11-106(a)(5), includes a situation such as in the case *sub judice*.

However, after consideration, I have concluded that the Tennessee General Assembly, in T.C.A. § 39-13-214, provided sufficient notice that an ordinary person *should* perceive the "substantial and unjustifiable risk," T.C.A. § 39-11-106(a)(5), that a criminal act which involves a female of apparent child-bearing age could cause the death of an unborn child at any stage of growth of the fetus. It is well-settled that the General Assembly defines crimes and sets the punishments, subject to constraints contained in the United States Constitution and/or the Constitution of Tennessee. *State v. White*, 362 S.W.3d 559, 567 (Tenn. 2012).

Tennessee Code Annotated section 39-13-214(a) states as follows:

> (a) For the purposes of this part [which includes T.C.A. § 39-13-212, Criminally negligent homicide], "another" and "another person" include a human embryo or fetus *at any stage of gestation in utero*, when any such term refers to the victim of any act made criminal by this part. (emphasis added).

The wording in this statute, to me, justifies a conclusion beyond a reasonable doubt that Defendant ought to have been "aware of a substantial and unjustifiable risk" that the six to seven weeks old fetus would die as a result of Defendant's shooting Ms. Thomas. This is a correct analysis even though the proof conclusively showed that Defendant did not have knowledge by direct or circumstantial evidence that Ms. Thomas was pregnant until after Defendant had shot Ms. Thomas.

Accordingly, I join with the majority in affirming Defendant's convictions.

_____
THOMAS T. WOODALL, JUDGE